IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HYPERCORE SYSTEMS LLC,<br><br>         Plaintiff<br><br>-against-<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA., INC.,<br><br>         Defendants | Civil Action No.: 2:25-cv-00393<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff HyperCore Systems LLC ("HyperCore" or "Plaintiff"), by way of this Complaint against Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc., (collectively "Samsung" or "Defendants"), alleges as follows:

**PARTIES**

1. Plaintiff HyperCore Systems LLC is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 6841 Virginia Parkway, Suite 103-441, McKinney, Texas 75071-5710.

2. On information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a corporation organized and existing under the laws of the Republic of Korea with its principal place of business at 129 Samsung-Ro, Maetan-3dong, Yeongtong-Gu Suwon-Si, Gyeonggi-Do 16677, Suwon-Shi, Korea.

3. On information and belief, Defendant Samsung Electronics America, Inc. ("SEA") is a corporation organized and existing under the laws of New York, with a principal place of

business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Since at least June 10, 1996, SEA has been registered to do business in Texas under the Texas SOS file number 0011028006. SEA may be served through its registered agent, CT Corporation System, located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201. On information and belief, SEA is a direct or indirect subsidiary of SEC.

4. Upon information and belief, SEC does business in the United States, including in this judicial district, by and through its subsidiaries.

## JURISDICTION AND VENUE

5. This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by Samsung of claims of U.S. Patent No. 7,392,329 and U.S. Patent No. 7,464,280 (collectively "the Patents-in-Suit").

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. SEC is subject to personal jurisdiction of this Court because, *inter alia*, on information and belief, (i) SEC has committed and continues to commit acts of patent infringement in the State of Texas, including by making, using, offering to sell, selling, and/or importing the accused products into Texas; (ii) SEC purposefully supplies and directs the accused products for storage, warehousing, and sales by distributors and resellers in the State of Texas; and (iii) SEC delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the State of Texas. In addition, or in the alternative, this Court has personal jurisdiction over SEC pursuant to Fed. R. Civ. P. 4(k)(2).

8. SEA is subject to personal jurisdiction of this Court because, *inter alia*, on information and belief, (i) SEA maintains a regular and established place of business in Texas in

this Judicial District at 6625 Excellence Way, Plano, Texas 75023; (ii) SEA has committed and continues to commit acts of patent infringement in the State of Texas, including by making, using, offering to sell, selling, and/or importing the accused products into Texas; (iii) SEA purposefully supplies and directs the accused products for storage, warehousing, and sales by distributors and resellers in the State of Texas; (iv) SEA delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the State of Texas; (v) SEA derives substantial revenue from its activities in this District; and (vi) SEA has purposefully established substantial, systematic and continuous contacts with this District such that it should reasonably expect to be haled into court in this District.  For example, SEA has registered with the Texas Secretary of State Office to do business in the State of Texas and has appointed a registered agent for service of process in the State of Texas.

9. Venue is proper as to SEC in this District under 28 U.S.C. § 1391(c) because, *inter alia*, SEC is a foreign corporation.

10. Venue is proper as to SEA in this District under 28 U.S.C. § 1400(b) because, *inter alia*, on information and belief, SEA has a regular and established place of business in this Judicial District at 6625 Excellence Way, Plano, Texas 75023, and has committed acts of infringement in the District and/or has contributed to or induced acts of patent infringement by others in this District.

11. Samsung has infringed and continues to infringe the Patents-in-Suit by making, using, selling, or offering for sale in the United States, or importing into the United States smartphones, televisions, laptops, and products with efficient processing claimed in the Patents-in-Suit.

## PATENTS-IN-SUIT

### U.S. PATENT NO. 7,392,329

12.     On June 24, 2008, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,392,329 ("the '329 Patent"), entitled "System and method for applying an action initiated for a portion of a plurality of devices to all of the plurality of devices." A true and correct copy of the '329 Patent is attached as Exhibit A.

13.     Plaintiff is the owner of all rights, title, and interest in and to the '329 Patent, with the full and exclusive right to bring suit to enforce the '329 Patent, including the right to recover for past infringement.

14.     The '329 Patent is valid and enforceable under United States Patent Laws.

15.     The '329 Patent recognizes that multi-device modules provided many improvements over devices implemented as discrete, individual components (Exhibit A, Col. 1:12-28). The inventors of the '329 Patent understood that it was more desirable "to have an action applied to all of a plurality of devices implemented on a system if the action is initiated for any portion of the plurality of devices." (*Id*., Col. 2:42-44). The invention enables many embodiments that allow for such an architecture (*id*., Col. 4:4-16:21). As one non-limiting example, the '329 Patent explains that "an initiator (*e.g.*, the OS, system firmware, or a user) [] initiates an action for one device of a module and have such action automatically applied to multiple (*e.g.*, all) devices of the module without requiring that the initiator even be aware of the grouping of devices within a common module" (*id*., Col. 3:34-39). Such methods were not realized in prior art systems.

### U.S. PATENT NO. 7,464,280

16.     On December 9, 2008, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,464,280 ("the '280 Patent"), entitled "Power module for a plurality of processors."  A true and correct copy of the '280 Patent is attached as Exhibit B.

17. Plaintiff is the owner of all rights, title, and interest in and to the '280 Patent, with the full and exclusive right to bring suit to enforce the '280 Patent, including the right to recover for past infringement.

18. The '280 Patent is valid and enforceable under United States Patent Laws.

19. The '280 Patent describes the fact that regulating power to multiple processors is costly and difficult. The '280 Patent teaches many improvements over the prior art, specifically a device that allows for more efficient, effective power regulation to many processors while taking advantage of limited space on the PCB. As one non-limiting example, "the multi-processor module 104 is configured to handle the dynamic power needs of both processors 106 and 108." (Exhibit B, Col. 2:26-54). The '280 patent includes various other embodiments that allow for better power management of the multi-processor system. (*Id*., Col 3:30-9:3)

## COUNT I: INFRINGEMENT OF THE '329 PATENT BY SAMSUNG

20. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

21. On information and belief, Samsung has infringed and is infringing the '329 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States at least the Samsung Galaxy S23 smartphone, Samsung Galaxy S24 smartphone, Samsung Galaxy S25, Samsung S series OLED TVs, Samsung Galaxy Watch Ultra, Samsung Galaxy Watch 7, Samsung Galaxy Book4 laptops, Samsung Galaxy Book5 laptops, Samsung Galaxy Tab S10 Tablets, Samsung Galaxy Tab S9 Tablets, among other substantially similar products (collectively, the "'329 Accused Products").

22. As just one non-limiting example, set forth in Exhibit C is an exemplary claim chart evidencing Defendant's infringement of claim 14 of the '329 Patent in connection with the '329 Accused Products (*e.g.,* the Samsung Galaxy S23 smartphone). This description is based on

publicly available information. HyperCore reserves the right to modify this description, including, for example, on the basis of information about the '329 Accused Products that it obtains during discovery.

23.     On information and belief, Samsung has induced infringement of the '329 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the Accused Products by, among other things, providing the Accused Products and incorporated technology, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products.

24.     On information and belief, Samsung has committed the foregoing infringing activities without a license.

## COUNT II: INFRINGEMENT OF THE '280 PATENT BY SAMSUNG

25.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

26.     On information and belief, Samsung has infringed and is infringing the '280 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States at least the Samsung Galaxy S23 smartphone, Samsung Galaxy S24 smartphone, Samsung Galaxy S25, Samsung S series OLED TVs, Samsung Galaxy Watch Ultra, Samsung Galaxy Watch 7, Samsung Galaxy Book4 laptops, Samsung Galaxy Book5 laptops, Samsung Galaxy Tab S10 Tablets, Samsung Galaxy Tab S9 Tablets, among other substantially similar products (collectively, the "'280 Accused Products").

27.     As just one non-limiting example, set forth in Exhibit D is an exemplary claim chart

evidencing Defendant's infringement of claim 10 of the '280 Patent in connection with the '280 Accused Products (*e.g.,* the Samsung Galaxy S23 smartphone). This description is based on publicly available information. HyperCore reserves the right to modify this description, including, for example, on the basis of information about the '280 Accused Products that it obtains during discovery.

28. On information and belief, Samsung has induced infringement of the '280 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributors, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the Accused Products by, among other things, providing the accused products and incorporated technology, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products.

29. On information and belief, Samsung has committed the foregoing infringing activities without a license.

## PRAYER FOR RELIEF

WHEREFORE, HyperCore prays for judgment in its favor against Samsung for the following relief:

A. Entry of judgment in favor of HyperCore against Samsung on all counts;

B. Entry of judgment that Samsung has infringed the Patents-in-Suit;

C. Entry of judgment that Samsung's infringement of the Patents-in-Suit has been willful;

D. An order permanently enjoining Samsung from infringing the Patents-in-Suit;

E.  Award of compensatory damages adequate to compensate HyperCore for Samsung's infringement of the Patents-in-Suit, in no event less than a reasonable royalty trebled as provided by 35 U.S.C. § 284;

F.  Award of reasonable attorneys' fees and expenses against Samsung pursuant to 35 U.S.C. § 285;

G.  HyperCore's costs;

H.  Pre-judgment and post-judgment interest on HyperCore's award; and

I.  All such other and further relief as the Court deems just or equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. P., Plaintiff hereby demands trial by jury in this action of all claims so triable.

Dated:  April 15, 2025                                    Respectfully submitted,

*/s/ Cecil E. Key*
Cecil E. Key
Jay P. Kesan
KEY KESAN DALLMANN PLLC
1050 Connecticut Ave., Suite 500
Washington, D.C. 20036
Phone: (202) 772-1100
Email: cecil.key@kkd-law.com
             jay.kesan@kkd-law.com

*Attorneys for Plaintiff*
*HyperCore Systems LLC*